# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| **MECKLENBURG COUNTY**, )<br>)<br>*Plaintiff,* )<br>)<br>vs. )<br>)<br>**TIME WARNER ENTERTAINMENT–ADVANCE/ NEWHOUSE PARTNERSHIP**, )<br>)<br>*Defendant.* )<br>) | **CASE NO. 3:05 CV 333-C** |

## <u>CONSENT CONFIDENTIALITY AND PROTECTIVE ORDER</u>

By agreement of the parties through their respective undersigned counsel, IT IS HEREBY ORDERED that the parties, and counsel for the parties, in the above-captioned litigation (the "Litigation"), shall observe the following terms:

1. Any documents, deposition testimony, written responses to discovery, or other material produced or disclosed orally or in writing during discovery, trial, or otherwise in this case (and any copies, summaries, or abstracts of such materials) which the designating party reasonably and in good faith believes to contain or disclose confidential business or financial information, private personal information, trade secrets, proprietary data, research and development information, personnel records of public employees or other confidential information may be designated as "CONFIDENTIAL MATERIAL" pursuant to this Protective Order. Any documents, deposition testimony, written responses to discovery, or other material produced or disclosed orally or in writing during discovery, trial, or otherwise in this case (and any copies, summaries, or abstracts of such materials) which the designating party

reasonably and in good faith believes to contain or disclose competitively-sensitive, proprietary, or research and development trade secrets, or which the designating party otherwise reasonably and in good faith believes to contain or disclose highly confidential financial or proprietary information or data, may be designated as "HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" pursuant to this Protective Order at the option of the designating party.

    2. CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY of a producing party shall not be made public by the receiving party or divulged to anyone other than the persons permitted access as set forth herein. No CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY shall be reproduced or used except in connection with the Litigation. The recipient of any CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY that is provided pursuant to this Protective Order shall maintain such CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, and use of all such matter.

    3. A party producing CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY shall label or mark documents and things deemed to be CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY with an appropriate legend; CONFIDENTIAL MATERIAL shall be marked as "CONFIDENTIAL, PROTECTIVE ORDER" or with similar language, and HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY shall be

marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or with similar language.  All information contained in documents produced or disclosed by a party or non-party for inspection only, prior to making physical photocopies for production, shall be presumed HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or CONFIDENTIAL MATERIAL and subject to the restrictions in this Protective Order unless and until the information is properly obtained from other non-restricted sources or from document copies supplied by the producing party to which no claim of confidentiality has been made.

     4.  A party that inadvertently fails to mark an item as CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY at the time of production may correct its failure in writing, accompanied by substitute copies of each item, container, or folder, appropriately marked with the new designation; the receiving party may not be held responsible for not treating the previously unmarked or mis-marked items with the applicable restrictions set forth in this Protective Order, provided that once notice of the correction is provided to the receiving party, the receiving party uses diligent efforts to treat such material as confidential in accordance with this Protective Order.  Once notice of the correction is provided to the receiving party, the receiving party shall subsequently treat such items as CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY pursuant to this Protective Order, and within five (5) business days of receipt of the substitute copies, the receiving party shall return or certify the destruction of the previously unmarked items, containers, or folders and all copies thereof.

5. CONFIDENTIAL MATERIAL shall be treated by each receiving party as confidential unless and until the Court rules to the contrary or the designating party agrees otherwise. Unless and until the Court rules or the designating party otherwise agrees, access to or disclosure of CONFIDENTIAL MATERIAL shall be limited to the following persons:

    (a)    the Court and those employed by the Court, in which event such information shall be filed under seal (and shall remain under seal until further order of the Court);

    (b)    the parties in the Litigation including any employees of the parties that receive such material. The parties' employees to whom such material will be disclosed must have a legitimate need to review such material in connection with the Litigation;

    (c)    the attorneys of record and associated attorneys for the party or parties in the Litigation to whom such material is produced, and the employees, or vendors, and contractors of such attorneys;

    (d)    court reporters and employees of court reporters engaged by counsel to record and transcribe testimony in the Litigation;

    (e)    outside experts and consultants who have been retained by a party or counsel of record in the Litigation for purposes of assisting in the preparation of the Litigation for trial, plus necessary clerical assistants; provided that each such individual who actually reviews any such material must execute an undertaking in the form of Exhibit A; the original executed undertaking shall be maintained by counsel for the party which retained the expert or consultant and his/her employees;

    (f)    other witnesses in the Litigation, subject to the requirements of this Order, including but not limited to those set out in Paragraph 14 below; and

    (g)    such other persons as may be agreed upon by the parties or as ordered by the Court.

6. Material marked as "HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" shall be treated by each receiving party as highly confidential unless and until the Court rules to the contrary or the designating party agrees otherwise. Unless and until the Court rules or the designating party otherwise agrees, access to or disclosure of HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY shall be limited to the following persons:

   (a) the Court and those employed by the Court, in which event such information shall be filed under seal (and shall remain under seal until further order of the Court);

   (b) the attorneys of record for the party or parties in the Litigation to whom such material is produced, and the employees, or vendors, and contractors of such attorneys;

   (c) outside experts and consultants who have been retained by a party or counsel of record in the Litigation for purposes of assisting in the preparation of the Litigation for trial, plus necessary clerical assistants; provided that each such individual who actually receives or reviews any such material must execute an undertaking in the form of Exhibit A; the original executed undertaking shall be maintained by counsel for the party which retained the expert or consultant and his/her employees;

   (d) court reporters and employees of court reporters engaged by counsel to record and transcribe testimony in the Litigation.

7. Undertakings executed by experts, consultants and other witnesses pursuant to paragraph 4 (e) and (f) and paragraph 14 of this Order shall be maintained by counsel who secured such undertakings for three (3) years after the conclusion of the Litigation, including any appeals.

8. Any party may designate its responses to discovery, including responses to requests for production, responses to interrogatories, responses to requests for

admission, and depositions, as CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY if counsel for the party reasonably and good faith believes the responses to discovery contain CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY. To designate written responses to individual discovery requests as CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY, the responding party shall place a legend, as described in paragraph 3, on the caption page of the responses, and shall, in the footer or header of each page containing a designated response, place a legend as described in paragraph 3.

9. In the case of depositions, if counsel for a party reasonably and in good faith believes that a portion or all of the deposition constitutes CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY, counsel shall so state on the record or in writing sent within seven (7) business days after his or her subsequent receipt of the transcript. Such correction and notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portion(s) of the transcript that constitute CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY. Until expiration of the aforesaid seven (7) business day period, all deposition transcripts shall be considered and treated as protected CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY, unless otherwise agreed on the record at the deposition. The reporter, who shall first have agreed to abide by the terms of this Protective Order, shall be instructed to include on the cover page of each sealed portion the legend:

"This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith."

When testimony designated as CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY is elicited during a deposition, persons not entitled to receive such information under the terms of this Protective Order shall be excluded from the deposition unless the attendance of any such person is consented to on the record by counsel for the designating party.

10. No assertion or waiver of confidentiality pursuant to this Protective Order shall affect the assertion or validity of any other claim of confidentiality, privilege, or other basis for non-production or withholding any discovery matter from discovery, nor shall this Protective Order require disclosure of such material.  This Protective Order shall not preclude any party from moving the Court for an order directing the disclosure of material withheld, however, nor prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

11. Nothing in this Protective Order shall be construed as a waiver of the right of any party to object to the taking or the admissibility of any testimony or other evidence where such objection is based on a ground or grounds other than that the testimony or evidence involves CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY.

12. The acceptance by a party of CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY shall not constitute an admission or concession or permit an inference that the CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY is, in fact,

confidential.  This Protective Order shall not foreclose a party from moving for an order challenging the status of any CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY.  Before so moving, counsel for a party desiring to challenge the status of material so designated will provide the designating party with five (5) business days notice thereof and, will, within that five (5) business day period, consult with the designating party, as to the confidential status of the subject material.  After the five (5) days notice and consultation with the designating party, the party challenging a confidential designation may move the Court for relief with respect to specific materials.  In response to such a motion, the party asserting confidentiality will bear the burden of persuasion to show that the challenged material is, in fact, within the scope of protection afforded by this Protective Order and applicable law and Rules of Court.  Until the Court rules on the motion, disclosure of the designated material at issue shall be governed by this Protective Order, and shall retain the level of confidentiality ascribed to it by the designating party.

13. This Protective Order shall not prevent the parties from entering into a written agreement to alter or waive the provisions or protections provided herein, generally or with respect to any particular CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY.

14. Nothing in this Order shall prevent a party who has designated documents, materials or information as CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIALMATERIAL – ATTORNEYS' EYES ONLY from agreeing to release any such CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY from the requirements of this Order.  Further, this Order

has no effect upon, and its scope shall not extend to, any party's use of its own CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL.

15. This Protective Order shall not prevent the designating party from expressly agreeing to allow certain individuals access to certain CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY without otherwise altering this Protective Order or waiving any rights hereunder and without waiving its ability to prohibit any other individuals from overhearing such testimony in accordance with this Protective Order.

16. Nothing contained in this Protective Order will prejudice the right of any party to use CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY in the prosecution or defense of the case, in interrogating and/or deposing witnesses as to the subject matter of such CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY, at any hearing or at trial in this action, including briefing, <u>provided</u> that such use will be made only under conditions that preserve the confidentiality of such information, such as having the witness sign the Undertaking in the form of Exhibit A.  The restrictions on use and disclosure set forth herein will not apply to information that, prior to being obtained pursuant to pretrial discovery in this action, is demonstrably public knowledge.  The restrictions on use and disclosures set forth herein will not apply to information that after being obtained, becomes demonstrably public knowledge other than by act or omission by the party obtaining such information.

17. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients with respect to this case and, in the course thereof,

relying generally on confidential discovery matter; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make disclosure of any CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY where such disclosure would not otherwise be permitted under the terms of this Protective Order.

18. At the request of any party and subject to the Court's discretion, hearings may be held *in camera* or closed to the public to prevent the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL MATERIAL.

19. Nothing in this Order shall prevent any party from moving the Court for an Order providing special protection for specific information, materials or documents where such party in good faith believes that such specific information, materials or documents require protection greater than that afforded by designating such information, materials or documents as CONFIDENTIAL MATERIAL or HIGHLY-CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY under this Order. No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

20. The restrictions on use of CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY set forth in this Protective Order shall survive the conclusion of the Litigation and, after conclusion of the Litigation, the Court shall exercise limited jurisdiction for the purpose of enforcing this Protective Order.

21. Within thirty (30) calendar days after the final termination of this action, including any appeals, counsel for the receiving party shall return all copies of the CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY to counsel for the designating party, or shall, at the option of the designating party, destroy such CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY and certify in writing the destruction to counsel for the designating party. Notwithstanding the foregoing, counsel of record for each of the parties may retain for their files one copy of all pleadings, briefs and exhibits, deposition transcripts and exhibits, or hearing transcripts and exhibits which contain such information, subject to the ongoing obligation to maintain the confidentiality of such information as set forth in this Protective Order.

Signed: 6Year 8Month18Day

_____
David C. Keesler
United States Magistrate Judge

WE ASK FOR THIS:


   /WCG/ by consent
Jim D. Cooley
G. Michael Barnhill
W. Clark Goodman
WOMBLE CARLYLE SANDRIDGE & RICE
One Wachovia Center
Suite 3500
301 South Tryon Street
Charlotte, North Carolina 28202
Attorneys for Plaintiff Mecklenburg County


   /MAP/
Gardner F. Gillespie
Martin A. Price
Paul A. Werner III
HOGAN & HARTSON L.L.P.
Columbia Square
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
*(202) 637-5600*
*(202) 637-5910*
*gfgillespie@hhlaw.com*
*maprice@hhlaw.com*


Anthony Fox
Eric D. Welsh
Benjamin R. Sullivan
PARKER POE ADAMS & BERNSTEIN L.L.P.
Three Wachovia Center
401 South Tryon Street
Suite 3000
Charlotte, NC 28202-1935

Counsel for Defendant Time Warner Entertainment — Advance/Newhouse Partnership

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **MECKLENBURG COUNTY**, )<br>)<br>*Plaintiff,* )<br>)<br>vs. )<br>))<br>**TIME WARNER** )<br>**ENTERTAINMENT–ADVANCE/** )<br>**NEWHOUSE PARTNERSHIP**, )<br>)<br>*Defendant.* )<br>) | **CASE NO. 3:05 CV 333-C** |

**UNDERTAKING OF _____**

I, _____, am over the age of eighteen, and state and depose the following under penalty of perjury:

1. My present address is _____. My present employer is _____, and the address of my present employer is _____. My present occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY, including the

substance and any copy, summary, abstract, excerpt, index, or description of such material that is disclosed to me.

4. I will return all CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained or from whom I received such material when requested to do so.

5. I understand that if I violate the provisions of the Protective Order I will be subject to sanctions by the Court and that the parties, or any one of them, may assert other remedies against me, including injunctive relief and/or contempt of court proceedings. I hereby submit to the jurisdiction of the United States District Court for the Western District of North Carolina, Charlotte Division for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____        _____

                                                                  _____
                                                                  Print Name