# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:05cv333

| | |
|---|---|
| MECKLENBURG COUNTY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>) <br>)<br>TIME WARNER )<br>ENTERTAINMENT-ADVANCE/ )<br>NEWHOUSE PARTNERSHIP, )<br>)<br>Defendant. )<br>) | ORDER |

**THIS MATTER** is before the Court *sua sponte* for the purpose of determining whether subject matter jurisdiction lies in this case.

This matter was removed to this Court from the Superior Court of Mecklenburg County based upon diversity of citizenship. [Doc. 1]. The jurisdictional allegations set out in the Notice of Removal, however, are insufficient for the Court to determine whether complete diversity of citizenship lies. The Court will require that the parties submit to the Court complete information so that the Court can make such determination.

The Defendant in this action is Time Warner Entertainment -

Advance/Newhouse Partnership (TWEAN).  The Defendant, in its Notice of Removal states that "the actual general partners of TWEAN are Time Warner Entertainment Company, L.P.; Advance/Newhouse Partnership; and Time Warner NY Cable, LLC." [Doc. 1 at 2].  Partnerships and associations, and other non-corporate and non-human entities are not considered entities separate from their partners or members for the purposes of determining diversity of citizenship.  <u>Carden v. Arkoma Associates</u>, 494 U.S. 185, 195, 110 S.Ct. 1015, 1021 (1990).  The citizenship of TWEAN is, therefore, determined by the citizenship of its partners.  The Defendant has identified the three general partners of TWEAN.  The Defendant has not disclosed in its Notice of Removal whether there are any limited partners.[1]  The citizenship of limited partners is also needed to determine whether complete diversity of citizenship exists.  <u>Id</u>.  Therefore, the parties will be required to disclose to the Court whether TWEAN has any limited partners, and if so, provide the citizenship information for each such limited partner.

Furthermore, since the three general partners in TWEAN are

---

[1] In its Complaint the Plaintiff identifies the Defendant as a general partnership [Doc. 1 at 10], and the Defendant admits this in its Answer and Counterclaim. [Doc. 2 at 4].  Since the Defendant, however, denies that the Plaintiff has correctly alleged the identities of the partners in the Defendant and due to the ambiguous reference to the three "general partners" in the Notice of Removal, the Court will ask for any information about limited partners out of an abundance of caution.

themselves identified as partnerships and a limited liability company, the citizenship of TWEAN is also dependent upon the citizenship of the partners, members and owners of those constituent entities.  That information has not been supplied to the Court.  For this reason the parties will be required to furnish the Court with the identities and states of citizenship of all of the constituent partners, members and owners of the partners in the Defendant.  Further, to the extent that any of the partners in Warner Entertainment Company, L.P. and Advance/Newhouse Partnership, and any members in Time Warner NY Cable, LLC and any partners or members in any limited partners in TWEAN are non-corporate and non-human entities, the parties shall also furnish the citizenship information for all partners, members or owners in such entities.  If the ownership of these entities involves multiple layers of non-corporate and non-human entities, this information shall be furnished for all such layers of ownership so that the Court can make a determination as to whether true complete diversity lies.  All this information must be supplied for the ownership as of the date of the filing of this action and as of the date of removal.  Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 571, 124 S.Ct. 1920, 1924 (2004); United Food & Commercial Workers Union, Local 919 v. Centermark Properties, 30 F.3d 298, 301 (2d Cir. 1994); Ryan

ex rel. Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001).

  **IT IS THEREFORE ORDERED** that on or before October 10, 2008, that the parties shall file with the Court the citizenship information pertaining to the Defendant, as that information is more completely described herein above.

  **IT IS SO ORDERED**.

Signed: September 30, 2008

Martin Reidinger
United States District Judge